UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

DAVID PRIESTER, a/k/a James Thomas, :

                     Petitioner,   :     01 Civ. 3441 (LMM)

           - v -         :     <u>MEMORANDUM AND ORDER</u>

DANIEL SENKOWSKI, Superintendent, :

                     Respondent.   :

------------------------------------x

McKENNA, D.J.,

1.

On July 2, 2002, Magistrate Judge Gorenstein (to whom the present petition for a writ of habeas corpus had been referred pursuant to 28 U.S.C. § 636(b)(1)(B)), for the reasons set forth in his Opinion and Order of that date, stayed the petition to allow petitioner (in order to exhaust state remedies on the third claim in the petition) to seek leave to appeal to the Appellate Division the denial by the New York County Supreme Court, on or about January 5, 2001, of petitioner's motion pursuant to New York Criminal Procedure Law § 440.10.[1]

Judge Gorenstein noted that the 30-day deadline for appealing from the denial of the Section 440.10 motion had expired, Opinion at 12, but, citing <u>Pesina v. Johnson</u>, 913 F.2d 53 (2d Cir.

---

[1] Familiarity with the Opinion and Order of July 2, 2002 ("Opinion"), as well as with Judge Gorenstein's Report and Recommendation of November 20, 2002 ("Report"), is assumed.

1990), pointed out that petitioner, even though he anticipated an adverse ruling, nevertheless must present his claim to the Appellate Division. Id. at 12-15.

Judge Gorenstein stayed the petition to allow petitioner to proceed as required.  He allowed petitioner 30 days to file an application for leave to appeal with the Appellate Division, and 30 days, from either the denial of the application for leave to appeal or, if it was granted, from an adverse decision on the merits of that appeal, if any, from the highest court from which review was available, within which to notify the Court that he wished to terminate the stay; Judge Gorenstein also pointed out that: "Failure to comply with either deadline will result in the entire petition being dismissed."  Opinion at 16 (citation omitted).

Petitioner did not comply with the first of the deadlines, and, on November 20, 2002, in the Report, Judge Gorenstein recommended dismissal of the petition. As appears in the Report at 2, petitioner was not inactive in this case in the period between the Opinion and the Report, but he did not seek leave to appeal the denial of his Section 440.10 motion, as the Opinion made clear he had to do in order to proceed further.  Judge Gorenstein had repeatedly reminded petitioner that he was required to comply with the directives of the Opinion and that failure to do so risked dismissal of the petition.  (See memoranda endorsed, Aug. 6, 2002, Aug. 26, 2002, and Sept. 27, 2002; see also Order, Oct. 22, 2002,

2

requiring parties to report regarding petitioner's compliance with the Opinion.)

On December 18, 2002, the Court received a letter from petitioner, dated December 12, 2002, and addressed to the Clerk, enclosing "the return of the Petitioner's response to the Court's [recommendation] to dismiss petition." (Docket # 21 at 1.) The postmark on the envelope addressed to the Clerk indicates that the letter was mailed on December 16, 2002. The letter describes the response as "an objection to a [recommendation] to have my petition dismissed and my objection for possible appeal." (Id.)

The letter annexes an affirmation of petitioner, sworn to December 13, 2002, stating that he did not have the funds to send copies (of the December 12, 2002 letter, presumably) to respondent and could not obtain assistance from the Prison official financial office, and encloses a writing, dated November 11, 2002, addressed (in part) to the Deputy Superintendent of Administration of Gouverneur Correctional Facility and (in part) to Judge Gorenstein; this letter bears a stamp indicating it was received by Gouveneur on November 12, 2002. The letter argues that petitioner is "unable to pay the cost to relitigate this matter in the state" (id. at 3) and appears to argue against the pursuit of a time-barred appeal.[2]

---

[2] As noted in the Report, at 2, petitioner was active in the present case during the period between the Opinion and the Report, and, again as noted in the Report, at 2, petitioner has not submitted information explaining how lack of funds prevented him from moving the Appellate Division for leave to appeal, as directed by Judge Gorenstein.

The Report is dated November 20, 2002, and any objections were required to be filed not later than 10 days from that date. The 10 days must be calculated according to Fed. R. Civ. P. 6(a). Thus, excluding intervening Saturdays and Sundays, and Thanksgiving Day, petitioner's objections were required to be filed not later than December 5, 2002. They were not. The earliest date on which the letter constituting petitioner's objection to the Report could be deemed to have been filed (by being given to prison authorities for mailing) is December 12, 2002, the date of the only document that can be described as an objection. Petitioner's objection to the Report is, therefore, untimely.

On May 23, 2005 (Mandate, May 31, 2005), the United States Court of Appeals for the Second Circuit issued an order dismissing without prejudice an appeal by petitioner "from an order denying relief in an application brought under the provisions of 28 U.S.C. Section 2254" because of an absence of any order by this Court granting or denying a certificate of appealability, and directing petitioner to promptly move for a certificate of appealability in the district court. Order, Court of Appeals, May 23, 2005. As far as the Court is aware, no such motion has been filed.

While the Court understands that the exhaustion requirements under 28 U.S.C. § 2254 can be difficult to understand, and that the preparation of papers in a prison context can be

difficult, the Court is not aware of reasons excusing petitioner from complying with the directions contained in Judge Gorenstein's Opinion, or from filing a timely objection to the Report, or from moving for a certificate of appealability.

No more than Judge Gorenstein could, this Court cannot overrule <u>Pesina v. Johnson</u>, on which the Opinion, and therefore, the Report rely.  Only the Court of Appeals which decided <u>Pesina</u> (or the United States Supreme Court) can do so.

The Court is compelled to, and does, accept the Report, and the petition is dismissed.

**2.**

The Court grants petitioner a certificate of appealability, only as to the issue whether this Court correctly accepted the recommendation of Judge Gorenstein that the petition should be dismissed because of petitioner's failure to exhaust claim three by seeking leave to appeal from the Appellate Division; as to that issue, petitioner has made a substantial showing of the denial of a constitutional right.

*          *          *

Report and Recommendation accepted; petition dismissed; limited (<u>see</u> above) certificate of appealability granted.

SO ORDERED.

Dated:  March 2 , 2007

Lawrence M. McKenna
U.S.D.J.

5